**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

**By ECF**

Hon. Vernon S. Broderick
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

> APPLICATION GRANTED
> SO ORDERED /s/ Vernon S. Broderick
> VERNON S. BRODERICK
> U.S.D.J.  4/18/23
>
> The Government shall submit its proposed jury instructions as scheduled and Defendant shall submit his comments, objections, and any proposed alternative or additional charges by Tuesday, April 25, 2023. Consistent with my prior order, both submissions shall also be emailed as Word documents to BroderickNYSDChambers@nysd.uscourts.gov.
> Further, Defendant shall be permitted to make their arguments related to Rule 412 in their response to the Government's motion in limine.

Re: United States v. Michael Paschal, No. 21-cr-00331 (VSB)

Dear Judge Broderick:

We represent Michael Paschal in the above-captioned case, and write (1) to propose a procedure for selecting jury instructions, to which counsel for the government does not object; and (2) to request the opportunity to address the use of evidence that the government asserts is Federal Rule of Evidence 412 ("Rule 412") evidence in responding to the government's motions *in limine* on this subject, rather than filing a separate motion.

## I. Jury Instructions

In accordance with the Court's Order, dated March 20, 2023, Dkt. 60, proposed jury instructions are due to the Court this Friday, April 21, 2023. The defense respectfully requests (with consent of the government) that the government will submit its requests to charge as scheduled, and that the defense respond by Tuesday, April 25, 2023, with its comments, objections, and any alternative proposed charges. We respectfully suggest that this procedure—rather than simultaneously filed requests to charge—will be a more efficient mechanism for highlighting to the Court disagreements between the parties relating to jury instructions.

## II. Purported Rule 412 Evidence

Rule 412 prohibits use of evidence of a witness's other sexual history or predisposition unless the use of such evidence falls under one of three enumerated exceptions. In the government's motions *in limine*, Dkt. 69, the government requested that the Court preclude the defense from introducing broad categories of evidence of the sexual history—including prior sex work—of the alleged victim in this case—arguing that the alleged victim's prior sex work constitutes Rule 412 evidence. In accordance with the Court's pre-trial scheduling order, Dkt. 60, the defense has until Thursday, April 20, 2023 to respond to this request, as well as the government's other *in limine* motions.

The defense is in the process of responding to all of the governments motions *in limine*. Regarding Rule 412 evidence, our response will be: (1) that much of the evidence the

COVINGTON

April 17, 2023
Page 2

government seeks to exclude is not covered by Rule 412; and (2) to the extent that the Court determines that it is, it falls within one of Rule 412's exceptions. Insofar as the evidence falls under one of these exceptions, Rule 412 requires that motions to admit such evidence shall be filed 14 days in advance of trial unless the Court on good cause schedules otherwise.

Here, the Court set schedule for *in limine* motions, wherein, and the government raised a broad argument respecting what it considers to be Rule 412 evidence. Accordingly, we respectfully request that the Court permit the defense to address Rule 412 evidence in our *in limine* response, due April 20, 2023, which is consistent with the Court's scheduling order for pretrial motions. Given that the government raised the issue in its motions *in limine*, this would seem to be the most efficient way to address the issue rather than initiating and briefing an additional motion. Indeed, addressing this request in connection with existing motions *in limine* will lead to a speedier resolution of these issues and thus does not prejudice the government or the alleged victim. The government has not advised the defense of its position on this scheduling request on the grounds that it is difficult to do so without knowing the evidence at issue.

We are grateful for the Court's attention to this matter.

Sincerely,

*/s/ Arlo Devlin-Brown*

Arlo Devlin-Brown
Catherine Carulas

*Counsel for Michael Paschal*

cc:     All government counsel