UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
                                                         :
UNITED STATES OF AMERICA,                                :
                                                         :
                                                         :
                         -against-                       :              21-cr-331 (VSB)
                                                         :
MICHAEL PASCHAL,                                         :         **OPINION & ORDER**
                                                         :
                         Defendant.    :
                                                         :
---------------------------------------------------------X


VERNON S. BRODERICK, United States District Judge:

        Before me is the motion of Michael Paschal ("Defendant" or "Paschal") for a judgment

of acquittal pursuant to Fed. R. Crim. P. 29 or, in the alternative, for a new trial under Fed. R.

Crim. P. 33.  (Doc. 104, the "Motion.")  Because Defendant has failed to raise grounds that

would justify a judgment of acquittal or a new trial, Defendant's Motion is DENIED.

   I.   **Background**[1]

        On May 18, 2021, Defendant was charged in an indictment with four counts, (the

"Counts"):  (1) conspiracy to commit sex trafficking of a minor, in violation of Title 18, United

States Code, Section 1594 ("Count One"); (2) sex trafficking of a minor, in violation of Title 18,

United States Code, Section 1591 ("Count Two"); (3) transportation of a minor to engage in

prostitution, in violation of Title 18, United States Code, Section 2423(a) ("Count Three"); and

(4) inducement or enticement of an individual to engage in prostitution, in violation of Title 18,

United States Code, Section 2422(a) ("Count Four").  (Doc. 5.)  Each of the Counts related to the

---
[1] For the purpose of this Opinion & Order, I incorporate by reference the background of this case as described in my
oral ruling denying Defendant's motion to suppress his statements at the final pretrial conference on April 26, 2023.
(*See* Doc. 94.)  Accordingly, I only include information relevant to resolve the pending motion.

sex trafficking of the same minor victim, Caitlyn.

On May 2, 2023, Defendant's jury trial began.  (Doc. 105.)  On May 4, at the close of the Government's case, Defendant moved for a judgment of acquittal on each count for insufficient evidence.  (Doc. 109 at 527–29.)  I denied this motion with respect to each of the counts.  (*Id.* at 534.)

The jury began its deliberations on May 8, 2023.  On May 9, 2023, the jury convicted Defendant on all four of the Counts.  (Doc. 92.)  On June 16, 2023, Defendant filed a post-trial motion pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure.  (Doc. 104.)  On July 31, 2023, the Government filed an opposition to the Motion.  (Doc. 118.)  On August 16, 2023, Defendant filed a reply memorandum of law in support of the Motion.  (Doc. 121.)

II.   **Legal Standards**

A.   *Rule 29*

Federal Rule of Criminal Procedure 29(c)(2) provides, in part, that "[i]f the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal."  A district court may enter a judgment of acquittal under Rule 29 "only if, after viewing the evidence in the light most favorable to the prosecution and drawing all reasonable inferences in the government's favor, it concludes no rational trier of fact could have found the defendant guilty beyond a reasonable doubt."  *United States v. Reyes*, 302 F.3d 48, 52 (2d Cir. 2002).  In other words, the "evidence that the defendant committed the crime alleged [must be] nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt" for a court to acquit. *United States v. Guadagna*, 183 F.3d 122, 130 (2d Cir. 1999) (citation omitted).  When making this determination a court cannot usurp the role of the jury or "substitute its own determination of . . . the weight of the evidence and the reasonable inferences to be drawn for that of the jury."  *Id.*

at 129 (quoting *United States v. Mariani*, 725 F.2d 862, 865 (2d Cir. 1984)).  The court must

"consider the evidence in its totality, not in isolation, and the government need not negate every

theory of innocence."  *United States v. Autuori*, 212 F.3d 105, 114 (2d Cir. 2000).  If "the court

concludes that either of the two results, a reasonable doubt or no reasonable doubt, is fairly

possible, [the court] must let the jury decide the matter."  *Id.* (alteration in original) (citations

omitted).  A defendant faces a "heavy burden" in meeting this standard.  *United States v.*

*Bullock*, 550 F.3d 247, 251 (2d Cir. 2008).

      **B.**    *Rule 33*

      "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if

the interest of justice so requires."  Fed. R. Crim. P. 33(a).  A district court has "broad

discretion . . . to set aside a jury verdict and order a new trial to avert a perceived miscarriage of

justice."  *United States v. Sanchez*, 969 F.2d 1409, 1413 (2d Cir. 1992).  However, the court

must "strike a balance between weighing the evidence and credibility of witnesses and not

wholly usurping the role of the jury."  *United States v. Ferguson*, 246 F.3d 129, 133 (2d Cir.

2001) (internal quotation marks omitted).  It is the jury's role to weigh the evidence and assess a

witness's credibility, and a district court generally "must defer to the jury's resolution" of those

issues.  *United States* v. *Bell*, 584 F.3d 478, 483 (2d Cir. 2009) (per curiam) (quoting *Sanchez*,

969 F.2d at 1414).  Indeed, only in "exceptional circumstances" may a trial judge "intrude upon

the jury function of credibility assessment."  *Sanchez*, 969 F.2d at 1414.

      "The ultimate test on a Rule 33 motion is whether letting a guilty verdict stand would be

a manifest injustice.  The trial court must be satisfied that competent, satisfactory and sufficient

evidence in the record supports the jury verdict."  *Ferguson*, 246 F.3d at 134 (internal quotation

marks omitted).  "There must be a real concern that an innocent person may have been

convicted.  It is only when it appears that an injustice has been done that there is a need for a new trial in the interest of justice."  *Bell*, 584 F.3d at 483 (internal quotation marks omitted).  "The defendant bears the burden of proving that he is entitled to a new trial."  *United States v. McCourty*, 562 F.3d 458, 475 (2d Cir. 2009).

### III.   <u>Discussion</u>

### A.   *Motion for a Judgment of Acquittal*

Defendant argues that I should direct a judgment of acquittal because the convictions on Counts Three and Four are both legally and factually insufficient.  Count Three required the jury to make a finding that Defendant "knowingly transport[ed] an individual who has not attained the age of 18 years in interstate commerce . . . with intent that the individual engage in prostitution."  Title 18, United States Code, Section 2423(a).  Count Four required the jury to find that Defendant "knowingly persuade[d], induce[d], entice[d], or coerce[d] any individual to travel in interstate . . . commerce . . . to engage in prostitution . . . or attempt[ed] to do so."  Title 18, United States Code, Section 2422(a).  Under New York Penal Law, § 230.00, "[a] person is guilty of prostitution when such person engages or agrees or offers to engage in sexual conduct with another person in return for a fee."

As I found during trial, the evidence presented by the Government, viewed in the light most favorable to the Government, supports a finding of Defendant's guilt on Counts Thee and Four.  (*See* Doc. 109 at 532–533.)  The testimony of Caitlyn, video of Caitlyn, testimony of Tanesia Stokes, and evidence collected from electronic devices, including advertisements and messages, is more than sufficient to warrant a conviction, and certainly not so lacking that "no rational trier of fact could have found the defendant guilty beyond a reasonable doubt."  *Reyes*, 302 F.3d at 52.

As to legal insufficiency, Defendant's position is that he could not have intended for Caitlyn to violate New York Penal Law § 230 because the statute provides an affirmative defense for child sex trafficking victims.  (Motion 2–3.)  Defendant is wrong.  First, Defendant waived the argument that the indictment raises charges that are legally impossible to commit, because this argument should have been made pursuant to Fed. R. Crim. P. 12(b)(3) as "a defect in the indictment."  Fed. R. Civ. P. 12(b)(3) provides that such a defense "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits."  Because Defendant failed to timely challenge Counts Three and Four as failing to state an offense, his challenge has been waived.

Defendant states that *United States v. Desnoyers*, 637 F.3d 105 (2d Cir. 2011) did not suggest that "legal impossibility arguments were properly characterized—at the risk of waiver, no less—as a motion to dismiss the indictment for failure to state an offense."  (Doc. 121 at 2.) Defendant's reliance on *Desnoyers* is misplaced.  Although Defendant asserts that "*Desnoyers* itself involved the analysis of a 'legal impossibility' argument raised in the trial court under Rule 29," the court in *Desnoyers* specifically found that "the district court erred when it characterized the Government's CAA theory as 'legally impossible'" because the argument was actually related to "a factual deficiency in the Government's case, not a legal one."  *United States v. Desnoyers*, 637 F.3d at 112.

Second, even if Defendant's motion was timely made, it must fail.  The present case is not akin to those where "federal courts have independently recognized a defense of 'legal impossibility' when 'no statute 'proscribe[s] the result that the defendant expected, desired, and intended to achieve.'"  (Doc. 104 at 4 (citing *United States v. Fernandez*, 722 F.3d 1, 31 (1st Cir. 2013)).  In *Fernandez*, the defendant's conduct was not illegal because it occurred two weeks

5

after the repeal of the statute that would have criminalized it.  733 F. 3d at 31.  Here, there was a valid statute that prohibited the exact result that Defendant intended to achieve, at the time that it occurred.

The evidence at trial was more than sufficient to show that Defendant intended for Caitlyn to engage in conduct that violated New York Penal Law § 230.[2]  Neither Count Three nor Count Four require Defendant to have intended that Caitlyn be convicted of any crime. Therefore, regardless of any affirmative defense available to Caitlyn under the New York Penal Law, it is not legally impossible to find that Defendant intended for Caitlyn to "engage[] or agree[] or offer[] to engage in sexual conduct with another person in return for a fee."  N.Y. Penal Law § 230.  Defendant is incorrect that "Caitlyn could not have actually violated New York Penal Law § 230.00 because the affirmative defense in § 230.01—for which she indisputably qualifies—removes her conduct from the substantive definition of the crime." (Doc. 104 at 3.)  N.Y. Penal Law § 230.01 protects victims from conviction if their "participation in the offense was a result of having been a victim of compelling prostitution under section 230.33 of this article."  The language "participation in the offense" supports a finding that a victim qualifying for this affirmative defense, while not legally culpable, still participated in prostitution.

In fact, N.Y. Penal Law § 230 consistently uses the term "prostitution" even when describing conduct performed by someone who would qualify to assert the affirmative defense. For example, under N.Y. Penal Law § 230.33, a person is guilty of "compelling prostitution" if they are over the age of 18 and "knowingly advance[] prostitution by compelling a person less

---

[2] There was no evidence presented that suggested that Defendant was aware of an affirmative defense that would prevent Caitlyn from being found guilty of prostitution.

than eighteen years old, by force or intimidation, to engage in prostitution." Another provision, N.Y. Penal Law § 230.34-A, defines "sex trafficking of a child" as "intentionally advanc[ing] or profit[ing] from prostitution of another person and such person is a child." The use of the term "prostitution" to describe conduct engaged in by minors supports a finding that under N.Y. Penal Law § 230, "sexual conduct with another person in return for a fee" is considered prostitution regardless of the participant's age, consent, or legal culpability. It is a basic principle of statutory interpretation that a statute "be construed in a way that will give force and effect to each of its provisions rather than render some of them meaningless." *Allen Oil Co. v. Comm'r*, 614 F.2d 336, 339 (2d Cir. 1980). To find that the term prostitution may only be used to describe conduct that is not subject to an affirmative defense would make other provisions unenforceable and render the statute meaningless. In other words, Defendant's interpretation would mean that perpetrators of sex trafficking of minors under New York State law and Federal law could not be prosecuted.

### B.   *Motion for a New Trial*

Defendant also argues that I should order a new trial on Count Four because the prosecution rendered the count impermissibly duplicitous, and the prosecution constructively amended the indictment. (Motion 7–9.)

#### 1.   **Applicable Law**

##### a.   Impermissibly Duplicitous

"An indictment is impermissibly duplicitous where: 1) it combines two or more distinct crimes into one count in contravention of Fed. R. Crim. P. 8(a)'s requirement that there be a separate count for each offense, and 2) the defendant is prejudiced thereby." *United States v. Vilar*, 729 F.3d 62, 79 (2d Cir. 2013) (cleaned up); *see also United States v. Sturdivant*, 244 F.3d

71, 75 (2d Cir. 2001).  However, "acts that could be charged as separate counts of an indictment may instead be charged in a single count if those acts could be characterized as part of a single continuing scheme." *United States v. Tutino*, 883 F.2d 1125, 1141 (2d Cir. 1989).

### b. Constructive Amendment

"An indictment is constructively amended when the proof at trial broadens the basis of conviction beyond that charged in the indictment." *United States v. Patino*, 962 F.2d 263, 265 (2d Cir. 1992).  To establish that a constructive amendment occurred, a defendant must demonstrate that "the terms of the indictment are in effect altered by the presentation of evidence and jury instructions which so modify *essential elements* of the offense charged that there is a substantial likelihood that the defendant may have been convicted of an offense other than that charged in the indictment." *United States v. D'Amelio*, 683 F.3d 412, 416 (2d Cir. 2012) (quoting *United States v. Mollica*, 849 F.2d 723, 729 (2d Cir. 1988)).

### 2. Application

Defendant's indictment was not impermissibly duplicitous.  With respect to Count Four, the indictment provided that

> [f]rom at least in or about July 2020 up to and including at least in or about December 2020 . . . defendant, knowingly did persuade, induce, entice, and coerce an individual to travel in interstate and foreign commerce to engage in sexual activity for which a person can be charged with a criminal offense, and attempted to do the same, to wit, Paschal persuaded, induced, enticed, and coerced [Caitlyn] to travel to New York, New York, from another state to engage in prostitution.

(Doc. 5 at 3–4.)  In *D'Amelio*, the Second Circuit held that the charged offense under § 2422(b) took place as part of a "course of conduct" with the ultimate purpose of enticing a minor "into a position where she could become the victim of a sexual predator."  683 F.3d at 421.  In *D'Amelio*, "all of the communications relied upon by the government, whether e-mails or telephone calls, took place as part of a single course of conduct."  683 F.3d at 421 (internal

quotation marks omitted).  Just as in *D'Amelio*, here Defendant's trafficking of Caitlyn "could be characterized as part of a single continuing scheme" and accordingly is not duplicitous.  *United States v. Vilar*, 729 F.3d 62, 79 (2d Cir. 2013) (quoting *United States v. Olmeda*, 461 F.3d 271, 281 (2d Cir. 2006)).

The Government also did not constructively amend the indictment.  Paschal argues that "the government's evidence throughout th[e] case has consistently focused on two episodes in July 2020 and then again in October 2020 when Caitlyn travelled to New York—that is, the government's evidence focused on two completely separate trips that are wholly unrelated to Mr. Paschal's alleged conduct in September 2020."  (Doc. 104 at 9.)  In determining whether an "essential element" of the offense has been modified, the Second Circuit has "consistently permitted significant flexibility in proof, provided that the defendant was given notice of the core of criminality to be proven at trial."  *United States v. Ford*, 435 F.3d 204, 216 (2d Cir. 2006) (quoting *United States v. Delano*, 55 F.3d 720, 729 (2d Cir. 1995)).  Here, Defendant was apprised through the language of Count Four of the "core of criminality" or "the essence of a crime, in general terms."  *D'Amelio*, 683 F.3d at 418.  Like the Defendant in *D'Amelio*, Defendant had notice of, and did not object to, the use of the text messages as evidence.  *Id.* at 422.  It is not necessary that Defendant receive notice of the specific "particulars of how a defendant effected the crime."  *Id.* at 418.  Defendant is incorrect that the indictment is deficient because it "did not identify any specific act of enticement within that period."  (Doc. 104 at 9.)  Defendant does not identify any case that requires specific acts of enticement to be included in a sex trafficking indictment.  As an initial matter, an indictment need only contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged."  Fed. R. Crim. P. 7(c)(1).  The Second Circuit has "consistently upheld indictments that do little

more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *United States v. Blout*, 731 F.3d 233, 240 (2d Cir. 2013) (internal quotation marks omitted).  Count Four meets this test.  In any event, such specificity is not necessary "because enticement frequently depends on a sexual predator's securing a victim's trust, multiple communications are the norm rather than the exception." *D'Amelio*, 683 F. 3d at 423.  There is no constructive amendment where, as here, "a generally framed indictment encompasses the specific legal theory or evidence used at trial."  *United States v. Salmonese*, 352 F.3d 608, 620 (2d Cir. 2003) (quoting *United States v. Wallace*, 59 F.3d 333, 337 (2d Cir. 1995)).

## IV.   Conclusion

For the foregoing reasons, Defendant's motion for a judgment of acquittal or in the alternative for a new trial is DENIED.

SO ORDERED.

Dated: October 17, 2023
      New York, New York

Vernon S. Broderick
United States District Judge