**MANDATE**

24-968-cr
*United States v. Paschal*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of November, two thousand twenty-five.

Present:

    GERARD E. LYNCH,
    WILLIAM J. NARDINI,
    STEVEN J. MENASHI,
        *Circuit Judges*.

---

UNITED STATES OF AMERICA,

    *Appellee*,

v.                                                                                                          24-968-cr

MICHAEL PASCHAL,

    *Defendant-Appellant*.

---

For Defendant-Appellant:    VIVIAN SHEVITZ, Royal Oak, MI.

For Appellee:    JACLYN DELLIGATTI (Kevin Mead and Nathan Rehn, *on the brief*), Assistant United States Attorney, *for* Jay Clayton, United States Attorney for the Southern District of New York, New York, NY.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Feb 05, 2026

1

MANDATE ISSUED ON 02/05/2026

Appeal from a judgment of the United States District Court for the Southern District of New York (Vernon S. Broderick, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the April 8, 2024 judgment of the district court is **AFFIRMED**.

Defendant-Appellant Michael Paschal appeals his conviction for trafficking a 17-year-old to engage in prostitution between July and December 2020. A jury found Paschal guilty of four counts: (1) conspiracy to commit sex trafficking (18 U.S.C. § 1594(c)); (2) sex trafficking of a minor (18 U.S.C. § 1591(a), (b)(2)); (3) transportation of a minor for the purpose of prostitution (18 U.S.C. § 2423(a), (e)); and (4) coercion and enticement of a minor to travel to engage in prostitution (18 U.S.C. § 2422(a)). The district court sentenced him to four concurrent 132-month terms of imprisonment, followed by five years of supervised release. Paschal now asks this Court to reverse his convictions. We assume the parties' familiarity with the case.

I. **Rule 15 Deposition and the Confrontation Clause**

In late February 2023, Paschal moved to suppress a statement he allegedly made to Special Agent Kevin Kuntz of Homeland Security Investigations during a December 2020 search of Paschal's house. According to Agent Kuntz, Paschal stated with regard to his victim, "I don't know why this is such a big deal. She's about to turn 18." Dist. Ct. Dkt. 53–1 at 21. In response to the motion, the Government informed Paschal and the district court that Agent Kuntz had previously made arrangements to be overseas during Paschal's upcoming trial. The Government asked the district court to treat his testimony at the suppression hearing as a deposition under Federal Rule of Criminal Procedure 15, which allows for a deposition "if th[e] witness' testimony is material to the case and if the witness is unavailable to appear at trial." *United States v. Johnpoll*,

739 F.2d 702, 709 (2d Cir. 1984).[1]  The district court preliminarily granted the Government's request, finding that, in light of the particular circumstances, the agent would be unavailable for trial but noted that Paschal would subsequently be able to object to the deposition and its admissibility.  The agent testified at the suppression hearing to the contents of Paschal's statement.

Prior to trial, the district court reaffirmed its initial determination that the agent was unavailable for purposes of Rule 15 and rejected Paschal's argument that admitting the testimony would violate the Sixth Amendment's Confrontation Clause.  Paschal's statement and other portions of Special Agent Kuntz's testimony were read into evidence at trial.  Paschal argues on appeal that the district court incorrectly found that the agent was unavailable for purposes of Rule 15 and the Confrontation Clause because the government could have obtained his in-person testimony at trial either by serving him with a subpoena to compel his presence or by seeking a one-month adjournment of the trial until after his return to the United States.

We need not decide the merits of this issue because, even assuming for the sake of this appeal that there was an error, it was harmless.  "The general rule is that 'any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.'" *United States v. Johnson*, 117 F.4th 28, 40 (2d Cir. 2024) (quoting Fed. R. Crim. P. 52(a)); *see also United States v. McClain*, 377 F.3d 219, 222 (2d Cir. 2004) (applying harmless error review to a Confrontation Clause violation).  A constitutional error such as a violation of the Confrontation Clause is harmless when the court can "conclude beyond a reasonable doubt that the jury verdict would have been the same absent the error." *Neder v. United States*, 527 U.S. 1, 19 (1999).

---

[1] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

3

Paschal first trafficked the victim in July and August 2020. The victim required hospitalization in August 2020 and, despite Paschal's efforts to have the victim discharged into his custody, the hospital released the victim to her mother. Paschal again trafficked the victim between October and December 2020. At trial, the Government introduced overwhelming evidence that Paschal was aware that the victim was under 18 both before and after her hospitalization, including: (1) the victim's testimony that she told Paschal that she was 17 just after they met and that he told her to lie about her age to the customers he arranged for her; (2) a video recording made the day of the search of Paschal's home in December 2020 during which the victim stated that she had told Paschal her age when they first met; (3) testimony from a child services caseworker that, after the victim had been brought to the hospital, the caseworker told Paschal that she had been assigned to the case because the victim was a minor; (4) the caseworker's testimony that Paschal told her that he had learned the victim was a minor shortly after meeting the victim; (5) the caseworker's contemporaneous notes corroborating that testimony; (6) a series of text messages from Paschal to the victim while she was in the hospital in which Paschal demonstrated his prior understanding of the victim's age, explaining to the victim that the caseworker and other authorities were involved in her discharge from the hospital because "underaged girls" are often targets of "kidnapping," Dist. Ct. Dkt. 107 at 203, and that the victim could not be released into his custody because "[t]hey need mommy's permission" as "[y]our mom[] ha[s] guardianship over you," *id.* at 201, 205; and (7) the minor victim's statement during the same exchange that she could not be discharged from the hospital "without somebody over 18," *id.* at 201, thus communicating her status as a minor to Paschal. In light of this evidence establishing Paschal's knowledge that the victim was a minor, we conclude beyond a reasonable doubt that any potential error in the admission of the agent's testimony at trial was harmless. "[R]eviewing courts must apply Rule 52(a)'s harmless-error

4

analysis and must disregard errors that are harmless beyond a reasonable doubt." *Johnson*, 117 F.4th at 41 (quoting *Neder*, 527 U.S. at 7). We do so here.

### II.     18 U.S.C. § 1591(c)

The district court instructed the jury that, in order to convict Paschal of sex trafficking of a minor under § 1591(a), they would need to find that Paschal knew the victim was under 18, that he recklessly disregarded this fact, or that he had a reasonable opportunity to observe the victim. The third of these routes for establishing guilt was provided by 18 U.S.C. § 1591(c), which states in relevant part: "In a prosecution under [§ 1591(a)] in which the defendant had a reasonable opportunity to observe the [victim] . . . the Government need not prove that the defendant knew, or recklessly disregarded the fact, that the [victim] had not attained the age of 18 years." Paschal argues that § 1591(c) created a "mandatory presumption" that he had actual knowledge of the victim's age, and that such a presumption violates the Due Process Clause of the Fifth Amendment because knowledge of a victim's age does not rationally follow from observation of the victim. *See Tot v. United States*, 319 U.S. 463, 467 (1943) ("[A] statutory presumption cannot be sustained if there be no rational connection between the fact proved and the ultimate fact presumed."). As a result, Paschal argues, his conviction under § 1591(a) must be reversed. Because Paschal did not dispute the constitutionality of § 1591(c) before the district court, his challenge before this Court is subject to plain error review. *See* Fed. R. Crim. P. 52(b); *United States v. Donziger*, 38 F.4th 290, 302–03 (2d Cir. 2022). We discern no error in the jury charge, plain or otherwise.

Paschal is incorrect that § 1591(c) creates a "presumption" of knowledge. That provision states that "the Government *need not prove*" knowledge or reckless disregard of the victim's age when the defendant had a "reasonable opportunity to observe" the victim. 18 U.S.C. § 1591(c) (emphasis added). Rather than establish a presumption, or shift a burden of proof to the defendant,

5

*cf. Tot*, 319 U.S. at 469, § 1591(c)'s plain language provides "a freestanding alternative to proving either of the *mens rea* alternatives in § 1591(a)," *United States v. Robinson*, 702 F.3d 22, 31 (2d Cir. 2012); *see also United States v. Concepcion*, 139 F.4th 242, 247 (2d Cir. 2025). Paschal's constitutional challenge accordingly fails.

*  *  *

We have considered Paschal's remaining arguments and find them unpersuasive. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit